UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SANTIAGO ORTUNO-PEREZ,<br><br>Petitioner,<br><br>v.<br><br>ICE FIELD OFFICE DIRECTOR,<br><br>Respondent. | CASE NO. 2:23-CV-344-BHS-DWC<br><br>ORDER DENYING REQUEST FOR COUNSEL AND RENOTING PETITION AND DEFENDANTS' MOTION TO DISMISS |

This matter has been referred to Magistrate Judge David W. Christel. Before the Court is Petitioner's motion to appoint counsel. Dkt. 10. Respondent has not filed a response; accordingly, the Court finds it unnecessary to wait until the noting date to decide the motion. For the reasons discussed below, the Court denies Petitioner's request for counsel, but renotes the Petition and Respondents' motion to dismiss to provide Petitioner an opportunity to file a response.

**A. Background**

Petitioner has filed a Petition for habeas corpus pursuant to 28 U.S.C. § 2241. Dkt. 1. Respondents have filed an Answer, which also includes a motion to dismiss the Petition. Dkt. 7. Plaintiff did not file a response to the Answer. On May 19, 2023, Petitioner filed a motion seeking the appointment of counsel, which contends he is indigent, lacks legal expertise, and is a citizen of Mexico for whom English is not his first language. Dkt. 10 at 1. Respondent has not filed a response.

**B. Request for Counsel**

There is no constitutional right to appointment of counsel in § 2241 habeas actions; however, the Court may exercise its discretion to appoint counsel for a financially eligible individual where the "interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Petitioner initiated this action to obtain release from immigration detention or a bond hearing. The record demonstrates that Petitioner is detained pursuant to 8 U.S.C. § 1226(a), which provides for discretionary detention, and has previously received multiple bond hearings. Dkt. 8.

Petitioner filed a form Petition, which does not raise unusual or legally complex issues. Dkt. 1. Moreover, Petitioner has filed other legal documents in this case, demonstrating his ability to communicate in the English language. Petitioner has submitted no facts demonstrating he is unable to articulate his claims or to explain why he should receive an additional bond hearing. Having considered the complexity of the legal issues involved, petitioner's likelihood of

success, and petitioner's ability to articulate his claims *pro se*, the Court concludes that the interests of justice do not require the appointment of counsel at this time.

**C. Renoting Petition**

Petitioner has not submitted a response to Respondents' Answer and motion to dismiss, having apparently filed his motion for counsel instead. The Court concludes Petitioner should be permitted an opportunity to respond, and therefore renotes the Petition and motion to dismiss to provide Petitioner an opportunity to file a response.

**D. Conclusion**

Accordingly, the Court ORDERS as follows:

1. Petitioner's motion for counsel is DENIED without prejudice;
2. The Clerk is directed to RENOTE the Petition and Defendants' motion to dismiss for **July 7, 2023**. Petitioner may file his response on or before **July 3, 2023** and Respondent may file a reply on or before **July 7, 2023**.

Dated this 6th day of June, 2023.

David W. Christel
Chief United States Magistrate Judge